**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Verlin B. RYANS, Defendant-Appellant.**

**No. CR-2-82-27.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

Sept. 7, 1982.

Guy W. Blackwell, Asst. U.S. Atty., Greeneville, Tenn., and Mary Ann Reese, Asst. U.S. Atty., Knoxville, Tenn., John Gill, U.S. Atty., Knoxville, Tenn., for plaintiff-appellee.

William J. Crockett, Johnson City, Tenn., for defendant-appellant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant-appellant Mr. Ryans was convicted and sentenced to respective terms of incarceration and probation on August 13, 1982. He gave timely notice of an appeal from such judgment on the same day. Rules 3(a), (c), (d), 4(b), Federal Rules of Appellate Procedure.

Thereafter, on August 19, 1982, the defendant-appellant moved * for a reduction of the sentence on count 1 of the information herein, Rule 35(b), Federal Rules of Criminal Procedure, on the ground that such sentence was in excess of the maximum authorized by law. A motion for a reduction of sentence presupposes a sentence within the statutory limit. *United States v. Cumbie*, C.A. 5th (1978), 569 F.2d 273, 274[4].

As the sentence under consideration was not within statutory limits, the Court treats the motion as one for a correction of an illegal sentence. Rule 35(a), Federal Rules of Criminal Procedure. " * * * Sentences subject to correction under that [latter] rule are those that the judgment of conviction did not authorize. * * * " *United States v. Morgan* (1954), 346 U.S. 502, 506, 74 S.Ct. 247, 249, 98 L.Ed. 248, 253–254 (headnote 4).

The defendant-appellant was convicted under 18 U.S.C.App. § 1202. A judgment of conviction thereunder authorized a penalty of incarceration for not more than two years. 18 U.S.C.App. § 1202(a)(5). The Court's sentence on count 1 of the information to incarceration of the defendant-appellant for four years, accordingly, was illegal and correctable by a Court with jurisdiction.

This Court, had its jurisdiction not been ousted by the notice of appeal of the defendant-appellant, would be " * * * well within the authority of Rule 35 in vacating the [four] years sentence on Count [1] because the sentence was not authorized by statute. * * * " *United States v. Adams*, C.A. 6th (1966), 362 F.2d 210, 211[1]. " * * * This rule specifically authorize[s] the correction of an 'illegal sentence' and hence authorizes the District Judge to vacate the illegal [four] year sentence on Count [1] and [to] resentence in conformity with the statute. The rule also provides that the court 'may reduce the sentence within [120] days after the sentence is imposed.' * * * " *Ibid.*, 362 F.2d at 211.

However: " * * * As the first sentence was a final judgment and appeal therefrom was properly taken, the District Court [is] without jurisdiction during the pendency of that appeal to modify its judgment by resentencing the prisoner. * * * " *Berman v. United States* (1937), 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204, 205 (headnote 3). This Court CERTIFIES its intention to correct the aforedescribed illegal sentence anytime it may resume jurisdiction.

---

* Such motion was predicated purportedly on " * * * grounds * * * " in an " * * * attached [b]rief. * * * " As briefs are not a part of the permanent records of this Court and " * * * will be returned to counsel on request * * *,"

local Rule 11(g), this was an inappropriate procedure. However, in its discretion and in the interest of justice, such provision of the local Rules is waived. Local Rules Appendix, § 5(a).