**UNITED STATES of America**

v.

**James Richard BELLO.**

**Crim. No. Y–81–00462.**

United States District Court,
D. Maryland.

July 23, 1984.

James Savage, Asst. U.S. Atty., Baltimore, Md., for plaintiff USA.

Fred Warren Bennett, Federal Public Defender, Baltimore, Md., and David R. Hazelton, Washington, D.C., for defendant James R. Bello.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

The defendant, resentenced on April 16, 1984, to a 17-year prison term after remand from a partially successful appeal to the Fourth Circuit, has filed a motion to correct an alleged illegal sentence under Rule 35(a), Fed.R.Crim.P. As the defendant candidly admits in his memorandum, an appeal of the sentence at issue here was filed April 24, 1984. The Court has determined that it is without jurisdiction to consider the motion to correct illegal sentence because of the pendency of appeal, and the motion will, therefore, be denied.

The defendant's argument as to jurisdiction is included at page 4 of his brief:

Unlike a motion under Rule 35(b), where a district court is without jurisdiction to reduce a sentence once an appeal has been filed, a motion under Rule 35(a) may be made and resolved "at any time."

While it is true that Rule 35 allows motions for correction of illegal sentences to be filed "at any time," courts reviewing the rule have concluded that portion of the rule refers only to the absence of any deadline for filing such a motion, not to whether a district court has jurisdiction to consider the motion while an appeal is pending. The court's discussion of this matter in the seminal case of *United States v. Mack*, 466 F.2d 333, 340 (D.C.Cir.), *cert. denied*, 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223 (1972), is instructive:

As a general rule, a district court's authority to take further action in a case is severely limited by the noting of an appeal ... Where, as here, a sentence of a type condemned by this circuit was belatedly corrected, an exception might be urged, especially in view of the language in F.R.Crim.P. 35: "The court may correct an illegal sentence *at any time....*" (Emphasis added.) On the other hand, the general desirability of an orderly appellate process weighs against allowing a district court, absent extraordinary circumstances, to modify the judgment under consideration once an appeal has been noted ...

While no court has yet passed upon the specific point or issue here, numerous courts have held that a trial court may not entertain the analogous motion to reduce sentence—a motion also available under Rule 35—during the pendency of an appeal ... It is true that, in terms, Rule 35 does not empower a trial court to reduce a sentence "at any time" as is the case with the court's power to correct an illegal sentence. However, the inclusion of the words "at any time" in the illegal sentence provision of Rule 35 has been understood to refer to the court's power to correct an illegal sentence *after the expiration of the term* rather than to the district court's power to act while an appeal is pending. This being so, we find a persuasive analogy in the cases dealing with motions to reduce sentence. While the issue is not free from doubt, we think the better view is that the District Court, once Johnson filed his notice of appeal, was without authority to vacate the general sentence previously imposed.

The *Mack* court cited a portion of 9 J. Moore, *Federal Practice*, ¶ 203.11 at 3–44 through 3–47 (1983), which reads as follows:

The filing of a timely and sufficient notice of appeal has the effect of immedi-

ately transferring jurisdiction from the district court to the court of appeals with respect to any matter involved in the appeal. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Rule 60(a) of the Federal Rules of Civil Procedure or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the Court of Appeals.

Even if the motion for correction predates the notice of appeal, one court has held that the pendency of the appeal wrests jurisdiction over a Rule 35(a) motion from the district court.

After sentencing, and one day before filing notice of appeal, defendant moved to correct the "illegal" sentence. After receiving the government's response to that motion, Judge King correctly ruled that the district court lacked jurisdiction to vacate an illegal sentence once a notice of appeal has been filed.

*United States v. Garrett,* 583 F.2d 1381, 1391 (5th Cir.1978). And even where a court concluded that it had illegally sentenced a defendant to four years when the statute authorized only a two-year maximum, the court refused to change the sentence because of the pending appeal. *United States v. Ryans,* 559 F.Supp. 12, 13 (E.D.Tenn.1982).

The defendant's attorney, having learned of the Court's concern over the issue of jurisdiction, has orally cited additional authority for the proposition that the Court does have jurisdiction. Relying primarily on *Doyle v. United States,* 721 F.2d 1195 (9th Cir.1983), the defendant maintains that none of the authority cited by the Court above is binding. *Doyle* does, indeed, stand for the proposition that a sentencing court "retains jurisdiction to correct sentence under Rule 35(a) while appeal is pending." 721 F.2d at 1198. However, the *Doyle* court also recognized the "general rule" that "filing a notice of appeal trans-

fers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal." 721 F.2d at 1197. In *Doyle,* the Ninth Circuit carved out a narrow exception to this rule under the unique circumstances in that case, where the United States Supreme Court had recently issued a decision which clearly meant that Doyle's sentence was illegal (Doyle had been convicted and sentenced on two separate counts; the Supreme Court's opinion held that one of the offenses was a "lesser included offense" of the other conviction). Noting that the purpose of the rule divesting the sentencing court of jurisdiction pending appeal is "to avoid the confusion and inefficiency of two courts considering the same issues simultaneously," *id.,* the appeals court held that the district court had acted properly in correcting the sentence because there was no doubt about what the appeals court would order. 721 F.2d at 1198. In other words, the circuit court approved of the district court's correcting the sentence and circumventing the need for an order, remand, and resentencing.

Here, however, the issue is far from clear. This Court is of the opinion that, regardless of its determination as to the constitutionality of the 17-year sentence imposed on the defendant, an appeal would only be duplicating the efforts of the Fourth Circuit.

The defendant has also cited—orally— *United States v. Schiffer,* 351 F.2d 91 (6th Cir.1965), for the proposition that the appeal does not divest this Court of jurisdiction over Rule 35(a) motions. Although *Schiffer* does hold that the district court "had jurisdiction to correct the illegal sentence" despite a pending appeal, 351 F.2d at 96, the Sixth Circuit in that decision did not engage in any discussion of the issue whatsoever. The Court is persuaded by the rationale of *Mack.*

The defendant's attorney asked that the Court seek remand from the Fourth Circuit Court of Appeals. While such a procedure has been utilized by district courts in a decision cited by the defendant, *United*

*States v. Tillman,* 374 F.Supp. 215, 217 fn. 2 (D.C.1974), and in *Ryans, supra,* 559 F.Supp. at 13, in both cases, the courts expressed confidence that the remands were clearly warranted.

A thorough discussion of the issues involved in this case would be superfluous in light of the Court's decision that it has no jurisdiction. The Court notes, in passing, that the arguments presented by the defendant were presented to the Court before sentencing, and they are no more persuasive now than then. If the defendant wishes to pursue his arguments as to the alleged illegality of the sentence, he must do so before the Fourth Circuit. For that reason, also, the Court denies the defendant's oral request that he be notified before a decision issues denying jurisdiction, so that he may withdraw his appeal and pursue this motion in this Court.

The defendant's motion to correct illegal sentence will be denied on the grounds this Court has no jurisdiction to consider it. Denial is, of course, without prejudice to its renewal at an appropriate time.