UNITED STATES of America

v.

Isaac KATTAN–KASSIN Defendant.

No. 81–83–CR–JLK.

United States District Court,
S.D. Florida.

July 31, 1984.

Jon May, U.S. Atty., Miami, Fla., for plaintiff.

Oscar S. Rodriguez, Coral Gables, Fla., Robert Josefsberg, Miami, Fla., for defendant.

ORDER DENYING MOTION FOR RE-DUCTION OF SENTENCE AND STATING COURT'S DISINCLINA-TION TO GRANT AN AMENDED ORDER ON MANDATE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the court upon the United States' Motion for Ruling Stating Court's Inclination and the defendant's Motion for Reduction of Sentence.

As to the Motion for Reduction of Sentence, the court notes that the motion was not timely filed. According to the defendant's own pleadings, the United States Supreme Court denied the defendant's petition for writ of certiorari on 27 February, 1984. The motion for reduction of sentence was not filed in this court until 27 June, 1984, 121 days after the denial of certiorari. Rule 35, Federal Rules of Criminal Procedure, grants this court jurisdiction to reduce a sentence if the court deems such a reduction to be appropriate. How-

ever, this court's jurisdiction is limited to the 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, the lower decision. This 120 day limitation is measured from the date of the entry of the Supreme Court's order on its docket and it is jurisdictional and may not be extended by this court. Since the Motion for Reduction was not filed in a timely manner, this court is without jurisdiction to consider the motion.

■ A second impediment to consideration of the motion to reduce is that this court's order on mandate, which imposed this sentence, is currently on appeal. The court is without jurisdiction to reduce a sentence while that sentence is under consideration in the court of appeals.

■ The third impediment to reducing the defendant's sentence, and the most persuasive impediment, is that justice requires that the sentence not be reduced. This defendant committed a very serious crime against society and he was duly convicted of that crime in a court of law. That conviction has withstood appellate review and the defendant should be allowed no quarter in which to denigrate the soundness of that conviction or the seriousness of his crime. Full consideration was given to the defendant's arguments and pleas at both the sentencing and at the time this court issued its order on mandate. His arguments at this time fall on ears previously deafened by pleas for compassion that could not stand in light of the seriousness of the crime committed. Having fully considered the motion, it is denied.

■ As to the Motion for Ruling Stating Court's Inclination to Grant an Amended Order on Mandate was entered. The court to enter such an amended order. This court entered its Order on Mandate in this matter on 1 November, 1983, and that order is now under review by the United States Court of Appeals for the Eleventh

Circuit. Subsequent to that appeal being filed, the United States moved the court of appeals to remand this case so that this court could reconsider the Order on Mandate. That motion was based on the premise that this court had not been fully apprised of all relevant factors when the Order on Mandate was entered. The court of appeals denied the Motion to Remand but stated that:

> The parties should file whatever motions seem appropriate with the district court. If the district judge is inclined to grant relief, appropriate notice can be given to this court along with a motion to remand or a dismissal of the appeal.

The United States has now filed this motion asking this court for a ruling on its inclination to amend the order on mandate.

The heart of this controversy is that the parties are under the mistaken belief that this court was not fully apprised of all the salient factors when the order on mandate was entered. In particular, the parties fear that the court was not aware of certain plea agreements that they had entered into in other divisions of this court. However, the court was fully aware of those other factors, specifically those plea agreements sanctioned by other judges of this district, and the court entered its order on mandate with a full understanding of the effect of this sentence on those plea agreements.

In the sentencing order entered on 4 September, 1981, in this matter, this court held:

> This Court's sentence was based on the conclusion that Mr. Kattan is a serious threat to the community because of his involvement in the narcotics trade.

> At the hearing, the Government's witness, Agent Wilson, testified that a telephone notebook found on Mr. Kattan at the time of his arrest contained the names or phone numbers of at least eighty-eight (88) convicted drug dealers.

At trial, Mr. Kattan testified that he had a personal net worth of between $5–6 million. Further, the jury found him guilty of conspiracy to possess and distribute and of possession with intent to distribute twenty kilograms of 98% pure cocaine. The cocaine has an estimated wholesale value of two million dollars and its street value is at least three times that amount. Based on these facts, this Court imposed the statutory maximum sentence for each count: fifteen years incarceration, with the terms to run consecutively, plus a fine of $15,000.00 for each count. The statute also provides for a special parole term of three years for the possession count.

Because of the seriousness of the defendant's criminal convictions, and as evidenced by the imposition of the maximum sentences to run consecutively, it was, at the time of sentencing and all times since then, the intention and ruling of this court that the defendant serve his sentences consecutive to any other sentences that he might be subject to. That intention and ruling was clearly and intentionally set forth in the Order on Mandate.

The government is beyond this court's jurisdiction when it enters into plea agreements in other divisions of this court and it is free to seek and obtain whatever relief those other divisions can allow. The court is certain that the plea agreements sanctioned in those other divisions were well considered and appropriately sanctioned. However, this court cannot and will not be bound by a plea agreement accepted in another court. The burden of sentencing this defendant for the crime of which he was convicted in this court fell to this court and to this court alone. Having fully considered all pertinent factors, it was the judgment of this court at the time of sentencing and it is the judgment of this court at this time, that the defendant serve the sentence entered in this case consecutively to the sentence that he is now serving.

The court does:

ORDER and ADJUDGE that the motion for reduction of sentence be, and it is, DENIED