**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darrell PROWS, Defendant–Appellant.**

No. 88–3812
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 13, 1989.

Darrell Prows, Anthony, N.M., pro se.

David McGee, U.S. Atty., Tallahassee, Fla., for U.S.

Before VANCE, JOHNSON and ANDERSON, Circuit Judges.

VANCE, Circuit Judge:

### I.

Darrell Prows appeals the denial of his motion for reduction of sentence pursuant to Fed.R.Crim.P. 35(a). Because we conclude that the district court lacked jurisdiction to hear Prows's motion, we vacate its order and remand for dismissal of the motion.

Appellant Darrell Prows, a federal prisoner, was convicted of conspiring to possess marijuana with intent to distribute, aiding and abetting the possession of marijuana aboard a vessel in United States waters with intent to distribute, and illegally attempting to import marijuana into the United States. The district court sentenced Prows to serve a total of 25 years, fined him $125,000, and placed him under two special parole terms of two years each.

On April 27, 1987, Prows filed a motion for reduction of his sentence pursuant to Fed.R.Crim.P. 35(b) ("the first motion"). The first motion was denied on July 27, 1987, and Prows's motion for reconsidera-

tion was denied on October 23, 1987. Prows appealed the denial of the first motion to this court, which affirmed the district court by order dated December 16, 1988.

Prior to the appellate resolution of the first motion, however, Prows filed a motion for reduction of his sentence pursuant to Rule 35(a) on May 9, 1988 ("the second motion"), alleging that the trial court had imposed an illegal sentence. The district court denied the second motion on the merits on August 22, 1988, and Prows now appeals.

## II.

The government argues that the district court had no jurisdiction to hear Prows's motion because an appeal was pending at the time of the district court's ruling. We agree.

The government cites, and our research has uncovered, no authority that decides the precise question before us now: does the filing of an appeal from the denial of one Rule 35 motion divest the district court of jurisdiction to hear another Rule 35 motion resting on different grounds?

The law in this circuit is settled regarding the district court's authority after a direct appeal has been filed. The general rule is that the filing of a direct appeal divests the trial court of jurisdiction over Rule 35(a) motions. *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986); *see* Annotation, *Reduction of Sentences Imposed by Federal District Court Under Rule 35 of Federal Rules of Criminal Procedure*, 32 A.L.R.Fed. 914, 932–33 (1977). The reasoning behind this rule has been applied within this circuit and elsewhere specifically to cases in which the defendant appeals his sentence and then files a Rule 35 motion during the pendency of the sentencing appeal. In that situation the district court lacks jurisdiction to hear the motion. *United States v. Kattan–Kassin*, 588 F.Supp. 127, 128 (S.D.Fla.1984); *United States v. Bello*, 588 F.Supp. 102, 103 (D.Md.1984). The practical reason for the jurisdictional bar is that multiple attacks on the validity of a sentence result in

the needless and wasteful duplication of judicial effort. *See Bello*, 588 F.Supp. at 104.

The same reasoning applies where a defendant files multiple motions under Rule 35. Finding the appeal of a motion analogous to an appeal of sentence, we see no reason to deviate from the general rule in the present case. The district court was without jurisdiction to hear the second motion because the court of appeals was considering the appeal of his first motion. Prows's appeal must therefore be dismissed.

Prows also moves for an order sanctioning the government for mischaracterizing the holding of *United States v. Massuet*, 851 F.2d 111 (4th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 785, 102 L.Ed.2d 776 (1989). Prows's motion for sanctions is denied.

## III.

The district court's order denying Prows's motion is VACATED and the case is REMANDED with instructions that the motion be dismissed without prejudice. Appellant's motion for sanctions is DENIED.