996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Palmer S. CROWELL, Defendant-Appellant.
 Nos. 91-30442, 92-30041.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1993.
Decided June 30, 1993.
 
 Before: D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Palmer S. Crowell appeals his conviction and sentencing for violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (1988). He argues the district court erred in denying his motion for a Franks hearing and in reconsidering the sentence it had imposed after Crowell had filed his notice of appeal.
 
 
 3
 We agree with the district court that Crowell did not make the requisite substantial showing under Franks v. Delaware, 438 U.S. 154 (1978) to warrant a hearing on the veracity of the affidavit underlying the search warrant. However, we determine the district court lacked jurisdiction to reconsider Crowell's sentence after he filed a notice of appeal, and thus we vacate the second sentence.
 
 
 4
 * FRANKS HEARING
 
 
 5
 Crowell contends the district court erred in failing to conduct a hearing to determine the veracity of the affidavit underlying the search warrant which authorized the search of his property. In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court held that a defendant seeking an evidentiary hearing to determine whether a facially valid affidavit contains false statements must make a substantial preliminary showing that: 1) the affidavit contains intentionally or recklessly false statements; and 2) the affidavit cannot support a finding of probable cause without the allegedly false information. Id. at 155-156.
 
 
 6
 We review the district court's denial of a Franks hearing de novo, United States v. Perdomo, 800 F.2d 916, 920 (9th Cir.1986), and conclude appellant has failed to make a substantial showing to satisfy either requirement of Franks.
 
 
 7
 Appellant relies on four statements contained in the affidavit to support his argument that the affiant, Officer John L. Humphreys, deliberately or recklessly misrepresented the truth. The government admits Humphreys was mistaken when he identified tomato plants he saw through a window on the Elsie property as marijuana. While we hope that trained narcotics officers could discern the difference between garden vegetation and marijuana, we recognize that even experts are sometimes fallible. Appellant made no substantial showing that Humphreys deliberately lied or that his failure to accurately identify plants he saw through a window at a distance of approximately forty feet was anything more than human error. "Allegations of negligence or innocent mistake are insufficient." Franks, 438 U.S. at 171.
 
 
 8
 The government also concedes that Humphreys erred when he stated in the affidavit that Crowell had spliced the incoming electrical line to his property, a common tactic used by indoor marijuana growers to bypass the electric meter, which would reveal the inordinate amounts of electrical consumption inherent in indoor growing operations. Instead, the "spliced" line was in reality nothing more than a wire running to an outdoor light fixture. Again, however, appellant has made no substantial showing that Humphreys's statements were anything more than human error.
 
 
 9
 Crowell further contends Humphreys lied when he claimed to have "smelled the strong odor of marijuana plants" ostensibly emanating from an exhaust fan on one of the gables of the Elsie residence. Appellant contends this must have been a deliberate falsehood, because the room with the exhaust fan contained only immature marijuana plants and the distance from which Humphreys made his observations would have made a "strong" smell of marijuana impossible. This is highly conjectural. In United States v. Kerr, 876 F.2d 1440, 1444 (9th Cir.1989), we did not disturb the district court's determination that an officer had smelled marijuana emanating from a small vent in a well-insulated building containing some 1200 marijuana plants from a distance of over 50 yards. Here, Humphreys claimed to have smelled the odor of over 2000 marijuana plants emanating from an exhaust fan at a distance of approximately 40 feet. Appellant has failed to make a substantial showing that this claim was untruthful.
 
 
 10
 Appellant finally argues Humphrey deliberately misstated his observation position in the affidavit when he in fact was trespassing on Crowell's property. Regardless of whether Humphrey was actually on the Elsie property when he made his observations, appellant did not make a substantial showing Humphrey lied in the affidavit merely because he reviewed the property records and thus must have known he was trespassing at the time of the surveillance.
 
 
 11
 Even if the alleged misstatements were purged from the affidavit, the magistrate would still have had probable cause to issue a warrant authorizing the search of the Elsie property. In determining whether probable cause to search exists, a court must view the "totality of circumstances" set forth in the affidavit. Illinois v. Gates, 462 U.S. 213, 238 (1983). The relevant inquiry under Gates is whether in light of all the circumstances set forth in the affidavit, there is a fair probability that contraband or other evidence of a crime will be found in a particular area. Id.
 
 
 12
 Humphreys initially received a tip from a confidential informant concerning appellant and his co-conspirators' involvement in the marijuana operation. The affidavit did not reveal whether this informant had provided reliable information in the past. However, "an informant's reliability may be demonstrated through independent police corroboration of the information provided." United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir.1986). In this case, Humphrey was able to verify all of the detailed information given by the informant. " '[B]ecause an informant is right about some things, he is more probably right about other facts,'--including the claim regarding the [defendant's] illegal activity." Gates, 462 U.S. at 244 (citation omitted) (quoting Spinelli v. United States, 393 U.S. 410, 427 (1969) (White, J., concurring)). The affidavit also identified the source of the informant's knowledge: he was relaying hearsay statements made to him by Bradley, one of Crowell's accomplices in the marijuana operation. This hearsay carried sufficient "indicia of reliability," considering the incriminating statements were made by a person participating in the crime and were corroborated by independent police investigation. See Spinelli, 393 U.S. at 416; Gates, 462 U.S. at 233-235; Angulo-Lopez, 791 F.2d at 1397. This information included the occupations of two of the conspirators, personal information concerning their addresses, an accurate description of the property on which the marijuana was being grown, and Bradley's unlisted telephone number. In addition, at the Elsie property Humphrey observed that the basement and garage windows were rendered opaque with paint and plastic, a practice common in indoor growing operations. He also observed an exhaust fan, often used to dissipate the excessive heat generated by the large lamps necessary for indoor growing.
 
 
 13
 "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." Gates, 462 U.S. at 238-39 (alterations in original) (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). "A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' " Id. at 236 (quoting Spinelli, 393 U.S. at 419). We agree with the district court that the affidavit, even when purged of the allegedly false statements, was still more than sufficient to provide probable cause for the issuance of the search warrant.
 
 II
 JURISDICTION
 
 14
 Appellant argues the district court lacked jurisdiction to alter the sentence it had initially imposed after Crowell had filed his notice of appeal. We review de novo the question of whether the district court had jurisdiction to reconsider its sentence. United States v. McConney, 728 F.2d 1195, 1202 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 15
 The district court sentenced Crowell on November 26, 1991 to 63 months imprisonment for his plea of guilty to violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Crowell filed his notice of appeal from that final judgment on December 4, 1991. The following day, the district court granted the government's motion for reconsideration of the sentence and set a hearing for possible resentencing on January 6, 1992. After that hearing, the district court resentenced Crowell to a term of imprisonment of 128 months.
 
 
 16
 The district court lacked jurisdiction to reconsider the sentence it imposed once the defendant had filed his notice of appeal. "The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). The general rule provides the filing of a direct appeal divests the trial court of jurisdiction over Rule 35(a) motions. United States v. Ortega-Lopez, No. 92-50054, slip op. 5379, 5383 (9th Cir. May 28, 1993). See also United States v. Prows, 888 F.2d 100, 101 (11th Cir.1989); United States v. Cook, 890 F.2d 672, 674-675 (4th Cir.1989).
 
 
 17
 During the resentencing hearing, the district judge expressed an opinion that the district court had statutory authority to correct the sentence: "Now, Rule 35A (sic) provides that a court may correct an illegal sentence at any time and may correct the sentence imposed in an illegal manner within 120 days of the entry of judgement." This opinion was mistaken. Judge Marsh was apparently referring to Rule 35(a) before it was amended in 1987. Rule 35(a) as amended on November 1, 1987 imposes limitations on district court jurisdiction to correct a sentence: "The court shall correct a sentence that is determined on appeal to have been imposed as a result of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court ..." (emphasis added). The underlying purpose of this amendment was to "impose on the new sentencing system a requirement that the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification." United States v. Cook, 890 F.2d 672, 674-675 (4th Cir.1989). "Congress has since amended Rule 35(a), and it is now clear that a district court is divested of jurisdiction once a notice of appeal has been filed from the original sentence." Ortega-Lopez, slip op. at 5383.
 
 
 18
 Under the amended rule, the district court lacked jurisdiction to reconsider the sentence it had imposed and its reconsideration of that sentence and the imposition of a new sentence on January 6, 1992, was in error.[1]
 
 IV
 
 19
 The district court's order granting the government's motion for reconsideration is REVERSED, the sentence the district court imposed on January 6, 1991 is VACATED, and the case is REMANDED for reinstatement of the sentence the court initially imposed on November 26, 1991.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we have determined the district court lacked jurisdiction to resentence Crowell and thus we reimpose the first sentence, including the downward departure, we need not address appellant's arguments the court erred in determining the second sentence