[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12503
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80168-KLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMIR D. HERRERA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 21, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Samir D. Herrera appeals his convictions and sentences for: (i) assault on a federal officer with a firearm, in violation of 18 U.S.C. § 111(a)(1); (ii) using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (iii) possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  On appeal, Herrera argues that the government breached his plea agreement when, because of Herrera's involvement in a jail fight on the morning of his plea hearing, the government argued against a three-level sentencing reduction for acceptance of responsibility.  Upon careful review of the record and the parties' briefs, we affirm.

## I.

We review *de novo* a district court's jurisdiction to re-sentence a defendant. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002).  A district court may not modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure Rule 35 or 18 U.S.C. § 3582, and a district court otherwise lacks inherent power to re-sentence a defendant.  *See id.* at 1315-16; 18 U.S.C. § 3582(c).  The filing of a direct appeal divests the trial court of jurisdiction to grant a Rule 35(a) motion seeking a sentence reduction.  *See United States v. Prows*, 888 F.2d 100, 101 (11th Cir. 1989); *see also Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986)

(explaining that, because the filing of a timely notice of appeal divests the trial court of jurisdiction over the matters at issue in the appeal, the trial court is without authority to modify a sentence after final judgment during the pendency of an appeal). Moreover, when a criminal litigant files a notice of appeal after final judgment, but before the denial of a Rule 35(a) motion to correct a sentence, the litigant must file a new notice of appeal or amend the prior notice of appeal for this Court to have jurisdiction to review the denial of the Rule 35(a) motion. *See United States v. Cartwright*, 413 F.3d 1295, 1300 (11th Cir. 2005).

We generally review *de novo* whether the government breached a plea agreement. *See United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). However, where a defendant raises an objection for the first time in a Rule 35(a) motion, and does not appeal the denial of that motion, our review is limited to plain error. *Cartwright*, 413 F.3d at 1300. To establish plain error, a defendant must demonstrate: (i) error; (ii) that is plain; (iii) that affects substantial rights; and (iv) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* An error is plain if it is "obvious and clear under current law." *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006). Credibility determinations are within the province of the fact-finder, and we will defer to the district court's determinations unless its understanding of the facts is contrary to

3

the laws of nature or is so inconsistent or improbable on its face that no reasonable fact-finder could accept it. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

## II.

Herrera argues that the government breached a plea agreement it entered with him by not recommending that the district court reduce the guideline range by three points for Herrara's acceptance of responsibility. The plea agreement provided that the government would recommend a reduction for acceptance of responsibility, but this recommendation was conditional:

> The United States, however, will not be required to make this motion and theses [sic] recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state of [sic] federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. Dkt. 25, ¶ 6.

On the morning of his guilty plea, January 25, 2012, Herrera was involved in an incident with another inmate at the Palm Beach County Jail. Herrera struck the inmate twice, leaving a gash on the left side of the inmate's head and severely injuring the inmate's ear. An investigator for the Federal Public Defender testified

4

that he had interviewed two other inmates who stated that the injured inmate (and not Herrera) was the initial aggressor. The government, however, offered the testimony of Deputy Sheriff Guy Mondesir, who observed the event and testified that this was an unprovoked attack by Herrera and that Herrera was the initial aggressor.

After hearing testimony from both sides, the district court accepted the testimony of Deputy Sheriff Mondesir. Accordingly, the district court did not award a three level acceptance-of-responsibility reduction.

### III.

We do not have jurisdiction to consider the district court's denial of Herrera's post-sentencing motions. Although Herrera objected to the lack of an acceptance-of-responsibility reduction in his presentence investigation report ("PSI"), both before and during his sentencing, he did not argue that the government breached his plea agreement until after the district court had imposed judgment. Because his notice of appeal only sought to appeal the court's judgment, and he did not file a new notice of appeal or amend his prior notice of appeal after the district court denied his post-sentencing motions, we do not have jurisdiction over the district court's denial of those motions. *See Cartwright*, 413 F.3d at 1300. Similarly, because Herrera neither raised the government's alleged

5

breach before the district court entered judgment nor appealed the denial of his post-sentencing motions, the question of whether the government breached his plea agreement will be reviewed on appeal for plain error. *See id.*

Herrera cannot establish error, let alone plain error, with respect to the government's alleged breach. The district court concluded that Herrera's representations that he had not been the aggressor in the jail fight, both in his PSI objections and through counsel at his plea and sentencing hearings, were inconsistent with the sentencing testimony of Deputy Sheriff Mondesir, and therefore these representations were not credible. The district court found that Deputy Sheriff Mondesir, who had given sworn testimony subject to cross-examination, had no reason to be partial and no reason not to testify as to exactly what he observed. Alternatively, Herrera only offered hearsay testimony of what other inmates apparently told an investigator.[1] Herrera has pointed to nothing in the record suggesting that the district court's credibility determination was so inconsistent or improbable that no reasonable fact-finder could accept it. *See Ramirez-Chilel*, 289 F.3d at 749.

---

[1] Neither Herrera nor the injured inmate testified about this incident before the district court.

Herrera does not dispute that his attorney's representations with respect to the jail fight reflected his position on what occurred, and he has not submitted any authority suggesting that his attorney's representations should not be attributed to him.  Herrera also does not dispute the government's contention that Herrera's attorney told government attorneys prior to the plea hearing that Herrera was not the initial aggressor in the jail fight.  *See* Dkt. 44 at 5.  The plea agreement specifically indicates that the government was not required to recommend an acceptance-of-responsibility reduction if Herrera was "found to have misrepresented facts to the government prior to entering into this plea agreement." In light of the district court's credibility determination, the government was released from its obligation to recommend an acceptance-of-responsibility reduction because Herrera in fact misrepresented facts to the government prior to entering into the plea agreement.

IV.

After thorough review of the record and the parties' briefs, we affirm.

**AFFIRMED.**

7