UNITED STATES of America,
Plaintiff-Appellee,

v.

Dean Nelson BURNS, Defendant-
Appellant.

No. 71–1641.

United States Court of Appeals,
Ninth Circuit.

Aug. 17, 1971.

N. D. Wimberley, in pro per.

Doris H. Maier, Asst. Atty. Gen., Evelle J. Younger, Atty. Gen., Charles P. Just, Nelso P. Kempsky, Deputy Attys. Gen., Sacramento, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

Riner E. Deglow, Spokane, Wash., for defendant-appellant.

Dean C. Smith, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Yakima, Wash., for plaintiff-appellee.

Before DUNIWAY, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant Burns was convicted for wilfully failing to register under the Military Selective Service Act of 1967, 50 U.S.C. App. § 462. He contends on appeal that admission of his oral statement to a government agent was improper under the *Miranda* guidelines, that the statute under which he has been prosecuted is unconstitutional, and that his three-year sentence constitutes cruel and unusual punishment.

The record amply supports the district's court's finding that appellant received the *Miranda* warnings and waived his rights before making his statement.

Appellant's constitutional challenge to the draft statute rests upon arguments that have been rejected by prior decisions of this court. *See, e. g.* United States v. Gidmark, 440 F.2d 773 (9th Cir. 1971); United States v. Leavy, 422 F.2d 1155 (9th Cir. 1970).

A three-year sentence for violation of 50 U.S.C. App. § 462 does not constitute cruel and unusual punishment. Little v. United States, 409 F.2d 1343, 1345 (10th Cir. 1969).

The district court has reduced the sentence from three to two years upon appellant's motion. Since appellant had earlier filed a notice of appeal, the district court lacked jurisdiction to entertain the motion to reduce sentence. Unit-

ed States v. Ellenbogen, 390 F.2d 537 (2d Cir. 1968). Burns will have 120 days after the mandate of this court issues to file a new motion in the district court to reduce sentence. Rule 35, Federal Rules of Criminal Procedure.

The conviction is affirmed.