Fredrick G. **DOYLE,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 83–3578.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1983.

Decided Dec. 12, 1983.

John S. Ransom, Ransom, Blackman & Simson, Portland, Or., for petitioner-appellant.

James L. Sutherland, Asst. U.S. Atty., Eugene, Or., for respondent-appellee.

Before WRIGHT, CANBY and BOO-CHEVER, Circuit Judges.

WRIGHT, Circuit Judge:

This appeal from the denial of a § 2255 motion presents three issues: (1) Did the trial court have jurisdiction to correct an illegal sentence while appeal was pending? (2) Was defendant denied his right to appeal when the appeal was dismissed for counsel's failure to prosecute? (3) Was defendant denied effective assistance of counsel independent of any denial of right to appeal?

We hold that the trial court did have jurisdiction to correct the sentence, and that counsel's ineffectiveness denied Doyle his right to appeal but did not otherwise impair his defense.

## FACTS

Doyle was charged with three counts of armed robbery and two counts of carrying a firearm during the commission of a felony. While in custody, he signed a waiver of his right to presence of counsel, and he confessed to the robberies. Doyle initially pled not guilty to all charges.

After discussions with his public defender, Doyle decided not to seek suppression of the confession, and to plead guilty to one armed robbery count and one firearm count in exchange for the dismissal of the other counts. He was sentenced on the two counts.

Doyle gave timely notice of appeal. Counsel planned to raise only the sentencing issue, in anticipation of the pending Supreme Court case of *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980).

Two weeks after notice was filed, the *Busic* Court held that a defendant may not be sentenced for a firearm violation when he is also sentenced for a crime of which the firearm violation is an element. 446 U.S. at

404, 100 S.Ct. at 1751. Pursuant to Doyle's motion to correct an illegal sentence under Fed.R.Crim.P. 35(a), the trial court resentenced him for armed robbery alone.

Counsel informed Doyle that pursuing the appeal was unnecessary, but Doyle refused to sign the motion to dismiss his appeal. The appeal was dismissed for failure to prosecute, as Doyle's counsel had filed no opening brief.

Doyle filed a motion under 28 U.S.C. § 2255 to vacate, set aside, and/or correct his sentence, on grounds of lack of jurisdiction to correct sentence while appeal is pending, denial of right to appeal, and ineffective assistance of counsel. He now appeals the denial of that motion.

## ANALYSIS

I. *Jurisdiction to Correct Sentence While Appeal is Pending*

■ The general rule is that filing a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal. *Masalosalo v. Stonewall Insurance Co.,* 718 F.2d 955 at 956 (9th Cir.1983). This rule is not absolute, but a creature of judicial prudence. Its purpose is to avoid the confusion and inefficiency of two courts considering the same issues simultaneously. *Id.* Courts should not employ the rule to defeat this purpose by "induc[ing] needless paper shuffling." 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.11, at 3–44 n. 1 (2d ed. 1983).

After Doyle was sentenced for both armed robbery and use of a firearm in the commission of that felony, the Supreme Court held that such overlapping sentencing is illegal. *Busic,* 446 U.S. at 404, 410, 100 S.Ct. at 1751, 1755. Federal Rule of Criminal Procedure 35(a) provides that a trial court "may correct an illegal sentence at any time." In view of *Busic,* the trial court vacated the illegal sentence and resentenced for armed robbery alone.

This court has not previously dealt with the interaction between Rule 35(a) and the transfer of jurisdiction rule. Other circuits that have faced the question are in conflict.

*Compare United States v. Schiffer,* 351 F.2d 91, 96 (6th Cir.1965) (jurisdiction) *with* *United States v. Hill,* 447 F.2d 817, 819 (7th Cir.1971) (no jurisdiction).

We hold that the trial court retains jurisdiction to correct sentence under Rule 35(a) while appeal is pending. Here, the trial court did exactly what the court of appeals would have directed. Upholding its jurisdiction is consistent with the policy against confusion and waste. We recognize exceptions to the general rule where they serve such purposes. *See, e.g., Masalosalo,* at 957 (jurisdiction to award attorney fees).

The result is consistent with *United States v. Burns,* 446 F.2d 896 (9th Cir.1971) (per curiam), in which this court vacated a sentence that had been reduced while appeal was pending. Burns had been convicted of willful failure to register for the draft and sentenced to three years imprisonment. On appeal, he challenged his sentence as cruel and unusual punishment. On his Rule 35(b) motion, meanwhile, the trial court reduced the sentence to two years. This court then upheld the constitutionality of the original sentence.

Rule 35(b) allows the reduction of sentences, but gives no guidance as to the grounds for reduction or the amount of reduction. The Rule 35(b) motion did not present the *Burns* trial court with any clear-cut action, nor did Burns' appeal limit this court to any single course.

In contrast, Rule 35(a) allows the correction of illegal sentences. In Doyle's case, *Busic* rendered the sentence illegal. There was no uncertainty about what the trial court would do under Rule 35(a), *or* about what this court would do on appeal. Allowing correction by the trial court could avoid confusion and waste.

We suggest that, pending appeal in this situation, counsel could by agreement move the court of appeals to remand the cause to the district court for resentencing. This procedure would make clear the jurisdiction of the trial court to proceed.

## II. *Denial of Right to Appeal*

Following a hearing on Doyle's § 2255 motion, the district court found that Doyle wanted to pursue the appeal despite the corrected sentence, because Doyle apparently believed that the appellate court would vacate both sentences. Because the appellate court would have done just what the trial court did (vacate only the firearm sentence), the court concluded that Doyle did not suffer any prejudice from the dismissal of the appeal.

The district court erred in requiring that Doyle show prejudice from the dismissal. *Rodriquez v. United States,* 395 U.S. 327, 329–30, 89 S.Ct. 1715, 1716–17, 23 L.Ed.2d 340 (1969). The question is simply whether the appeal was wrongfully denied. *Brown v. United States,* 623 F.2d 54, 60 (9th Cir.1980).

The appeal here was dismissed because, against Doyle's wishes, his counsel did not file the opening brief. Whether to take an appeal is a fundamental decision that lies with the defendant. *Jones v. Barnes,* —— U.S. ——, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). Although the choice of issues to raise on appeal may properly lie with appellate counsel, counsel must nevertheless "support his client's appeal to the best of his ability." *Id.* at 3313–14 (quoting *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967)). Failure at least to set out the claims of a client who wants to prosecute an appeal constitutes ineffective assistance of counsel. *See Anders,* 386 U.S. at 744–45, 87 S.Ct. at 1400–01.

Because counsel's ineffectiveness caused the dismissal, Doyle was wrongfully denied his right to appeal. We instruct the district court to vacate the sentence and resentence, to enable Doyle to perfect his appeal according to applicable procedure. *Rodriquez,* 395 U.S. at 332, 89 S.Ct. at 1718; *Brown,* 623 F.2d at 60.

## III. *Other Ineffective Assistance Claims*

Doyle raises three additional ineffective assistance claims. As these are mixed ques-

tions of fact and law, we defer to the lower court's findings of what counsel did but use our own judgment as to whether counsel was ineffective. *See. Young v. Zant,* 677 F.2d 792, 798 (11th Cir.1982).

■ To succeed on these claims, Doyle must show both (1) unreasonable errors or omissions that constitute ineffectiveness, and (2) prejudice to his defense due to these errors or omissions. *See United States v. Tucker,* 716 F.2d 576, 586 (9th Cir.1983).

The factual bases for Doyle's additional contentions were disputed by his attorney. The magistrate's findings indicate that he doubted Doyle's credibility. Even if Doyle's version of the facts were to be believed, however, he has failed to establish prejudicial ineffectiveness on those issues.

■ Doyle's claim that counsel's failure to pursue pretrial suppression of evidence was ineffective assistance is without merit. In view of Doyle's agreement to forego suppression in favor of a plea bargain, counsel's "failure" was reasonable.

■ Doyle's contention that counsel did not advise him that pleading guilty would result in forfeiture of all pretrial claims may establish ineffectiveness. But since Doyle does not show that such advice would have changed his pleas, he has not established the requisite prejudice.

■ Finally, Doyle claims that counsel's failure to advise him that the forthcoming *Busic* decision would probably reduce the number of potential convictions, and that such knowledge would have affected his decision to plead guilty. Assuming ineffectiveness, nothing in the record supports a finding of prejudice.

The cumulative effect of these alleged errors has not been shown to have prejudiced Doyle. *Cf. Ewing v. Williams,* 596 F.2d 391, 395 (9th Cir.1979).

Affirmed in part, reversed in part, and remanded with instructions to vacate sentence and resentence to enable Doyle to pursue his appeal.