836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donnell THOMPSON, Petitioner-Appellant,
v.
Harry L. ALLSBROOK, Attorney General of North Carolina,
Respondents-Appellees.
 No. 86-7744.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1987.
Decided Dec. 17, 1987.
 
 Donnell Thompson, appellant pro se.
 Richard Norwood League, Office of the Attorney General, for appellees.
 Before ERVIN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donnell Thompson appeals from the dismissal of his 28 U.S.C. Sec. 2254 petition. Thompson alleged that his rights were violated because: (1) he was denied effective assistance of counsel when counsel coerced him into pleading guilty, counsel was unprepared for trial, and counsel denied him his right to appeal; and (2) the court at sentencing considered unsubstantiated aggravating factors and factors later held to be barred from consideration, and, in addition, the judge considered the charges against Thompson that were dismissed pursuant to his plea.
 
 
 2
 Regarding Thompson's allegations that his plea was coerced and that counsel was unprepared for trial, a review of the record and the district court's opinion discloses that the court's dismissal of this claim is correct and should be affirmed.[1]
 
 
 3
 Thompson also claimed that he had asked his counsel to prosecute an appeal but counsel failed to do so and the appeal was dismissed. Because of this dismissal, Thompson was unable to gain post-conviction review of his claim that the sentencing judge considered factors which were shortly thereafter determined by the North Carolina Supreme Court to be barred from consideration.[2]
 
 
 4
 Although Thompson pled guilty to his charge, we find that Thompson may be able to state a claim for ineffective assistance of counsel in failure to perfect the appeal. In Evitts v. Lucey, 469 U.S. 387, 391-405 (1985), the Supreme Court held that the due process clause of the fourteenth amendment guarantees a criminal defendant effective assistance of counsel on his first appeal as of right; therefore, the attorney's failure to perfect an appeal in that case deprived the petitioner of effective assistance of counsel. Id. We find that under North Carolina law, Thompson was entitled to a first appeal as of right. N.C.Gen.Stat. Sec. 15A-1444(al) (1983).
 
 
 5
 Several circuits have specifically decided that, even though the defendant pled guilty to his charge, the failure to prosecute an appeal, when requested to do so by the defendant, constitutes ineffective assistance of counsel. See Doyle v. United States, 721 F.2d 1195, 1198 (9th Cir.1983) (defense counsel's failure to set out claims of defendant, who pled guilty and who wanted to prosecute appeal, constituted ineffective assistance of counsel, and because ineffectiveness caused appeal dismissal, defendant was wrongfully denied right to appeal); Hollis v. United States, 687 F.2d 257, 258-59 (8th Cir.1982) (federal prisoner who pled guilty to crime did not need to make showing of prejudice or likelihood of success on merits to show ineffective assistance of counsel for failure to file timely appeal; such failure amounted to ineffective assistance of counsel), cert. denied, 459 U.S. 1221 (1983). But cf. Barrientos v. United States, 668 F.2d 838, 842-43 (5th Cir.1982).
 
 
 6
 As there has been no development of the facts as to whether Thompson was denied effective assistance of counsel in the failure to prosecute his appeal, we remand for further development of this issue.
 
 
 7
 Because the alleged consideration of improper aggravating factors raises only a matter of state law and because we find no merit in Thompson's claim that his sentencing subjected him to double jeopardy, we find no independent basis for habeas relief stated by Thompson's second claim. We therefore affirm the denial of relief on that claim.
 
 
 8
 The judgment of the district court is vacated insofar as it denied relief on Thompson's claim that his counsel was ineffective in failing to perfect an appeal. This case is remanded for further consideration of that issue. In all other respects the judgment is affirmed.
 
 
 9
 As it will not significantly aid in the decisional process, we dispense with oral argument.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 To the extent that Thompson seeks federal habeas corpus review of his claims which he raised for the first time on appeal regarding illegal arrest, illegal interrogation, illegal identification procedures, improper use of post-arrest silence, and insufficiency of the evidence, he must first exhaust his state court remedies
 
 
 [2]
 When Thompson's appeal was noted in 1982, the North Carolina Supreme Court reviewed a similar appeal and in 1983 held that two factors, which were considered at Thompson's sentencing, could no longer be considered at sentencing. See State v. Chatman, 308 N.C. 169, 180-81, 301 S.E.2d 71, 78 (1983)