916 F.2d 716
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Cliff JOHNSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin Jesse MANN, aka Alvin Jess Mann, Defendant-Appellant.
 Nos. 89-10125, 89-10141.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 13, 1990.
Decided Oct. 17, 1990.
 Before WALLACE, ALARCON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerry Johnson and Alvin Mann appeal their convictions and sentences for stealing cattle from the San Carlos Apache Tribal Organization. We have jurisdiction over their appeal under 28 U.S.C. Sec. 1291 (1988). We affirm.
 
 
 3
 Appellants contend that the district court erred in allowing evidence relating to counts of the indictment which were dismissed prior to trial concerning the theft of a fifth unbranded calf. The district court ruled that evidence about all the cattle "is relevant to show intent, notice, and so forth." This court reviews a district court's decision to admit evidence for abuse of discretion. See United States v. Catabran, 836 F.2d 453, 456 (9th Cir.1988).
 
 
 4
 The district court admitted the following evidence relevant to the fifth calf: (1) Billy Tower's (a codefendant testifying for the government pursuant to a plea agreement) testimony that after the group picked up the first four calves and loaded them into the horse trailer, they drove up the road to where a fifth calf was tied up and loaded it into Johnson's truck, (2) testimony of Edison Brown, a tribal fish and game ranger, that when he pulled Johnson's truck over he saw a bull calf in the back of the truck with its feet tied and a red bag over its head, (3) Johnson's testimony that they loaded the fifth calf into his truck after loading the other four calves into the horse trialer, and that they left the calf's feet tied so it would not jump out of the truck and put a red hood over its head to protect the calf.
 
 
 5
 We disagree with appellants' characterization of this evidence as "other act" evidence. The loading of the fifth calf was inextricably intertwined with and part of the conduct for which appellants were charged and convicted in Count One. Because of this connection we do not consider evidence of the fifth calf to be "other act" evidence. See United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989); United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987). Hence, the district court did not abuse its discretion in admitting this relevant evidence.
 
 
 6
 Appellants also contend that the prosecutor improperly vouched for the credibility of its witness, Billy Tower. Where, as here, a defendant makes a contemporaneous objection to a prosecutor's conduct, this court determines de novo whether the prosecutor's conduct constituted improper vouching, and if so, whether the vouching was harmless error. See United States v. Shaw, 829 F.2d 714, 716-718 (9th Cir.1987), cert. denied, 485 U.S. 1022 (1988).
 
 
 7
 Tower was a codefendant in this case, but agreed to plead guilty to Count Three of the indictment and testify against Johnson and Mann in exchange for the government's dismissal of Counts One, Two, and Four. On direct examination, the prosecutor asked Tower whether he came to testify truthfully in exchange for a plea agreement. As this question and Tower's affirmative response came before any attack on Tower's credibility, it constituted improper vouching. See United States v. Wallace, 848 F.2d 1464, 1473-74 (9th Cir.1988) (prosecutor's questioning witness on direct examination as to whether her plea agreement required her to testify truthfully against codefendants was improper vouching).
 
 
 8
 However, we find that the vouching was harmless error. The record indicates that the prosecutor asked only one question regarding the plea agreement's truthfulness requirement. He did not comment on the requirement in his opening statement nor did he refer to it in his closing argument. In addition, the court instructed the jury that they were "the sole judges of the credibility of each witness" and that they were free to accept or reject all or part of any witness' testimony. In the context of the prosecutor's one question, the judge's instruction could reasonably be understood by the jury to mean that Tower's credibility was not established by the plea agreement and that his credibility was an issue for them to decide. See Shaw, 829 F.2d at 718.
 
 
 9
 Finally, we reject appellants' contention that the district court improperly denied their motion to reconsider the restitution order. As appellants had already filed their notices of appeal with this court, the district court had no jurisdiction to entertain their motion. Doyle v. United States, 721 F.2d 1195, 1197 (9th Cir.1983). Further, appellants lack the requisites necessary under Federal Rule of Criminal Procedure 35 to file a motion for modification of the restitution order.
 
 
 10
 Appellants' convictions are affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3