972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvador FLORES-RODRIGUEZ, aka: Salvador Rodriguez,
Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-56264.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1992.*
Decided July 17, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Flores-Rodriguez (Flores) appeals the denial of his 28 U.S.C. § 2255 motion brought after his conviction pursuant to a guilty plea for conspiracy to possess three kilograms of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). We reverse and remand for an evidentiary hearing.
 
 FACTS
 
 3
 On January 24, 1990, Flores was arrested with three other codefendants after they attempted to sell three kilograms of cocaine to undercover federal agents. Flores pled guilty to conspiring to possess cocaine with the intent to distribute. The guideline range for his offense was 87 to 108 months imprisonment. The district court departed downward and sentenced Flores to 60 months in prison and 4 years of supervised release.
 
 DISCUSSION
 
 4
 Flores brought a pro se motion under 28 U.S.C. § 2255 claiming that his trial counsel's failure to file a direct appeal constituted ineffective assistance of counsel. For a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that he was prejudiced by counsel's actions. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
 
 
 5
 Flores claims that his defense counsel was deficient in not filing a direct appeal. Allegedly, Flores told his attorney that he wanted to appeal his conviction because of "incorrect sentencing procedures." Counsel told him that he would see him later in jail; however, counsel never filed the notice of appeal nor did he contact his client. Flores contacted the Clerk of Court and learned of his counsel's failure to appeal. The defendant's numerous attempts to reach his attorney by letter were futile.
 
 
 6
 If those allegations are true, defense counsel clearly fell below the objective standards required of a criminal defense attorney when he failed to file the notice of appeal requested by his client. See Lozada v. Deeds, No. 90-15621, slip op. 5817, 5824 (9th Cir. May 20, 1992) (Lozada II ); Doyle v. United States, 721 F.2d 1195, 1198 (9th Cir.1983). A criminal defendant is entitled to a direct appeal as a matter of right. Rodriguez v. United States, 395 U.S. 327, 329-30, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969). Whether to take an appeal is a fundamental decision of the defendant's that the attorney must respect. Doyle, 721 F.2d at 1198.
 
 
 7
 Prejudice is presumed "if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent." Lozada II, slip op. at 5824; see Lozada v. Deeds, --- U.S. ----, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991). Thus, Flores' failure to specify any meritorious issues he would appeal does not affect his ineffective assistance of counsel claim.
 
 
 8
 Flores pled ineffective assistance of counsel on grounds that his counsel was deficient in failing to file a direct appeal on Flores' behalf. If that is true, prejudice is presumed. Thus, the district court erred when it denied his motion without determining the truth of those allegations.
 
 
 9
 REVERSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3