**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-6723

EVA MARIE ST. GERMAIN, a/k/a Eve
Speir,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-92-203-21P, CA-94-70-3-P)

Submitted: October 31, 1995

Decided: February 5, 1996

Before WILKINS and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Eva Marie St. Germain, Appellant Pro Se. Harry Thomas Church,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eva Marie St. Germain appeals from a district court order that denied her 28 U.S.C. § 2255 (1988) motion and granted summary judgment to the Government.**1** Because we find that, when the record is construed in the light most favorable to St. Germain, there remains a genuine issue of material fact as to whether she requested that her attorney note an appeal from her sentence, we vacate the district court's summary judgment on St. Germain's ineffective assistance claim in regard to his alleged failure to note an appeal from her conviction; we remand that claim to the district court for further proceedings. We affirm the district court's order in all other respects.

St. Germain entered a guilty plea to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988) and received a seventy-two month sentence which she did not appeal. In her § 2255 motion, she alleged that she did not understand the consequences of her guilty plea; that she received ineffective assistance of counsel at her guilty plea hearing; and that she was denied her "right of appeal."

This Court reviews summary judgments de novo. Higgins v. E. I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is properly granted where there are no genuine issues of material fact and where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The movant bears the burden of establishing entitlement to summary judg-

_____

**1** Though the court did not enter judgment in a separate document as required by Fed. R. Civ. P. 58, we find that the parties waived the separate judgment rule. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978).

2

ment, and the nonmovant must then respond to the motion with affidavits or other verified evidence, rather than relying on allegations in the complaint. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). A verified complaint may serve as a response to a summary judgment motion when it is based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

"[T]he court is obliged to credit the factual asseverations contained in the material before it which favor the party resisting summary judgment and to draw inferences favorable to that party if the inferences are reasonable (however improbable they may seem)." Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits or depositions filed in support of a summary judgment motion are used to determine whether issues of fact exist and not to decide issues themselves; summary judgment may be granted only when the nonmovant's evidence fails to put a material fact in dispute or is not significantly probative. Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991). Thus, when resolution of an issue of fact depends upon a credibility determination, summary judgment is not appropriate. Id.; Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979).

St. Germain alleges in her § 2255 motion that she "was not aware that [her] plea would get [her] 72 months." She continues that her attorney advised her that she would be "better off" pleading guilty rather than having a jury trial, that she would receive a "5K.1 reduction," and that her attorney "continuously confused" her by telling her that if she went to trial, she would be convicted and would receive the maximum sentence.[2] The district court found that this claim had no basis in fact based upon the transcript of St. Germain's Rule 11 hearing. The court informed St. Germain at her guilty plea hearing that her sentence "would be at least ten years imprisonment, a maximum sentence to be life. The fine would be four million dollars plus twice the pecuniary gain or loss." St. Germain responded under oath that she understood the minimum and maximum penalties which could be imposed. Although there was some discussion of the possibility of a

_____

[2] The Government moved for a downward departure pursuant to USSG § 5K1.1 "to reflect defendant's substantial assistance." The court granted the motion and departed downward in sentencing St. Germain to seventy-two months' incarceration.

3

government motion for a reduction of sentence under USSG § 5K1.1, St. Germain stated that no one advised her any differently concerning the possible punishment she faced for her crime. She also verified that she pleaded guilty because she in fact committed the crime charged and that she entered her plea freely and voluntarily. The court then concluded that St. Germain entered her guilty plea freely and voluntarily. There was no direct appeal from the guilty plea.

In order to proceed on a § 2255 motion based on trial errors to which no contemporaneous objection was made, St. Germain must show "cause" excusing her procedural default and "actual prejudice" resulting from the errors of which she complains. United States v. Frady, 456 U.S. 152, 167-68 (1982). The Frady cause and prejudice standard applies to collateral challenges to unappealed guilty pleas. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994).[3] This Court reviews the district court's conclusions of law de novo. Id. While the record discloses that St. Germain may have established cause for her default, she has not established prejudice.

The district court concluded that St. Germain did not establish cause for her failure to appeal her conviction. The court stated in a footnote in its opinion:

> The Court's application of Frady depends on it finding that the Petitioner never asked her attorney to file an appeal (infra). Had the Petitioner's attorney failed to file an appeal despite her request, then she would have an ineffective assistance of [counsel] claim which would satisfy the cause and prejudice prongs.

The existence of cause for a procedural default usually turns on showing denial of effective assistance of counsel, a factor external to the defense which impeded compliance with a procedural rule, or novelty of the claim. Murray v. Carrier, 477 U.S. 478, 488 (1986).

_____

[3] Though the "actual innocence" exception to the "cause and prejudice" requirement for consideration of an issue following procedural default applies in noncapital sentencing enhancement cases, Maybeck, 23 F.3d at 892-94, St. Germain does not allege actual innocence.

4

Counsel's failure to pursue an appeal requested by a defendant may constitute ineffective assistance of counsel regardless of the likelihood of success on the merits. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). If counsel promises to note an appeal and then fails to do so, petitioner may be entitled to relief. Id. Even though a defendant pleads guilty, failure to prosecute an appeal when requested to do so may constitute ineffective assistance. Doyle v. United States, 721 F.2d 1195, 1198 (9th Cir. 1983); Hollis v. United States, 687 F.2d 257, 258-59 (8th Cir. 1982), cert. denied, 459 U.S. 1221 (1983). But see Barrientos v. United States, 668 F.2d 838, 842-43 (5th Cir. 1982).

Though it is undisputed that counsel did not note an appeal, construing the district court record in the light most favorable to St. Germain -- as we must -- there is a genuine issue of material fact as to whether St. Germain requested that her attorney note an appeal. St. Germain's § 2255 motion is declared under penalty of perjury. She states in regard to the alleged denial of her right to appeal that her attorney "abandoned" her and that she had "no chance for appeal, no contact with attorney." In her first response to the Government's motion for summary judgment (which is unsworn), St. Germain states that she told her attorney "at the conclusion of her sentencing hearing" that "she wished to appeal her sentence" and he agreed to do so. She also averred that her husband witnessed the exchange; she attached to the response a letter from her husband to the court in which he states that St. Germain told her attorney "of course I want to appeal" after the court pronounced sentence. The letter is notarized and ends with the statement, "I swear the above is true and correct" below the husband's signature. St. Germain also states in her response that repeated phone calls and letters to the attorney were not answered. St. Germain asserted these same allegations in her amended response, which is also unsworn.

The Government attached an affidavit from defense counsel to its motion for summary judgment, but the document is conspicuously silent as to whether St. Germain requested the attorney to file a notice of appeal even though St. Germain alleged in her § 2255 motion "Denial of Right to Appeal." In regard to St. Germain's claim that her attorney "abandoned" her, the attorney states in his sworn, notarized affidavit that he notified her that his "obligation to represent her was terminated upon sentencing." He continues that because she entered

5

a guilty plea "with no reservation for appeal, there are no other legal efforts which I could legitimately exert for her." Though the court informed St. Germain at her Rule 11 hearing that she could not withdraw her plea if her sentence was more severe than expected, the court did not discuss waiver of her appellate rights by pleading guilty.

Noting that the attorney's affidavit was silent as to whether St. Germain requested that her attorney file a notice of appeal, the district court sua sponte entered an order directing the attorney to provide the court with an affidavit responding to questions concerning whether St. Germain requested an appeal and whether the attorney was under the influence of alcohol at the Rule 11 hearing. It does not appear that St. Germain was served a copy of this order.[4]

The attorney filed an affidavit in response to the court's order. The affidavit is signed and notarized, but though the notary specifically noted in her certification that the affiant was "personally known" to her, she also noted he "did/did not take an oath" (emphasis in original). Presumably, this certification signifies that the document is unsworn. The attorney does not certify anywhere in the document that the information is given under penalty of perjury. [5] The attorney states:

> As to the response to the Court's first question[concerning whether St. Germain requested him to note an appeal], the answer is no. . . . ST. GERMAIN did ask whether or not an appeal was a viable alternative and I explained to both herself and her male friend . . . that an appeal was not a viable option. Ms. St. Germain entered into a plea bargain with the Government.[6]

_____

[4] The district court may expand the record to include letters, documents, and affidavits. See Raines v. United States, 423 F.2d 526, 529-30 (4th Cir. 1970); Rules 4 through 8, Rules Governing§ 2255 Proceedings.

[5] In contrast, the attorney's affidavit attached to the Government's motion for summary judgment states that he was "duly sworn" in the first paragraph. A different notary also certified that the document was "[s]worn to."

[6] St. Germain unequivocally states in her responses to the summary judgment motion and in her informal brief in this Court that there was

6

The attorney does not directly state whether St. Germain requested him to file a notice of appeal. There is no indication in the record that St. Germain was ever served with a copy of this second affidavit.

Construing the above information in the light most favorable to St. Germain (the nonmoving party), we find there remains a genuine issue of material fact as to whether St. Germain requested defense counsel to file a notice of appeal in her case. This genuine issue of material fact would preclude the district court from finding that St. Germain had not established cause for her procedural default at the summary judgment stage. Under Frady and Maybeck, however, St. Germain must show both cause and prejudice in order to proceed with her § 2255 claim that she did not understand the consequences of her guilty plea. Maybeck, 23 F.3d at 891. Even though the court improperly found at the summary judgment stage that St. Germain failed to establish cause for her default, the court correctly determined that she did not establish prejudice in regard to this claim.

Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and findings by a sentencing court in accepting a plea "constitute a formidable barrier" to attacking the plea. United States v. Lambey, 949 F.2d 133, 137 (4th Cir. 1991) (citing Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)). As the district court noted,[7] the sentencing court apprised St. Germain of the charges against her, the minimum and maximum penalties she faced under the Sentencing Guidelines, and the constitutional rights associated with a jury trial that she waived by pleading guilty.

In response to the court's questioning, St. Germain stated that there were no promises made to her in exchange for her guilty plea. (The

_____

never any "plea agreement" or "plea offer" communicated to her. The record does not contain any plea agreement, and there was no reference to a plea agreement at the Rule 11 hearing. In responses to the court's questions on whether there were any "promises" made, St. Germain stated "No, sir." The prosecutor also stated that there were no promises made except that he "would do the 5K1 motion."

[7] The district court that ruled on Appellant's § 2255 motion is the same court that conducted her Rule 11 hearing and her sentencing.

7

Government acknowledged that it had agreed to make a "5K1 motion").**8** St. Germain continued that she understood all that was discussed at the Rule 11 proceeding, that she understood what she was doing, and that she wanted the court to accept her plea.

Thus, the district court properly found that St. Germain's guilty plea was voluntarily entered and that she understood the consequences of her plea. In light of the fact that she later received a seventy-two month sentence instead of the ten-year minimum discussed at the Rule 11 hearing, St. Germain failed to establish prejudice. Thus, the claim is procedurally barred under Frady and Maybeck; in addition, the claim is meritless even if it were not barred from collateral review. We therefore affirm the district court's grant of summary judgment on this claim.

St. Germain alleged in her § 2255 motion that she received ineffective assistance of counsel because her attorney consumed alcohol on the airplane and in the airport en route to her Rule 11 hearing. She does not state that he was intoxicated at the hearing, but states in conclusory fashion that she did not feel he had her "best interests at heart"; that counsel's performance fell below objective standards of reasonableness; and that there was a reasonable probability that, but for counsel's unspecified errors, the result of the proceedings would have been different. In her responses to the Government's motion for summary judgment, St. Germain alleged that counsel was ineffective because he failed to seek a severance and a plea bargain; failed to communicate a plea offer; and lied about the sentence to be imposed.

Because ineffective assistance of counsel claims are generally not properly raised on direct appeal from a federal conviction unless such claim "conclusively appears" in the trial record, St. Germain's claims in this regard were properly before the court in her § 2255 motion. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992); United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). To obtain relief from a guilty plea based upon ineffective assistance of counsel, St. Germain must show that

_____

**8** As previously noted, the court granted the Government's motion for a downward departure under USSG § 5K1.1 for substantial assistance at St. Germain's sentencing hearing.

8

her counsel was incompetent and that she would not have pled guilty but for counsel's incompetence. Hill v. Lockhart , 474 U.S. 52, 59 (1985). St. Germain fails to sufficiently establish either incompetence or prejudice.

The district court explicitly stated that it resolved issues of credibility based upon the affidavits before it:

> . . . In sum, the Court finds [defense counsel's] testimony more credible [than Appellant's] and finds that he was not under the influence of alcohol at the Petitioner's Rule 11 hearing.

When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive. See Machibroda v. United States, 368 U.S. 487, 493-96 (1962). When resolution of an issue of fact depends upon credibility determinations, summary judgment is not appropriate. Gray, 925 F.2d at 95.

The court stated that St. Germain claimed that her attorney was "intoxicated during the Rule 11 hearing." While that certainly is the implication of the § 2255 motion, all St. Germain actually states is that her attorney consumed "double vodka and tonics" on the plane and at the airport. She also states that he drove the rental car the wrong way down a one-way street. She never explicitly states that the attorney was intoxicated.[9]

The court also stated that the attorney "flatly denies" the accusation that he was drinking. Though the attorney states in his unsworn document that "the answer is no" to the court's question "Were you in any way under the influence of alcohol when you represented [Appellant] at her Rule 11 hearing?", the attorney's response does not "flatly deny" that he was drinking before the hearing. The attorney did not deny that he was drinking in his prior, sworn affidavit either. He only denied drinking "double vodka tonics" and noted that "no such drink is served aboard an aircraft."

_____

[9] As the court noted, St. Germain does not mention consumption of alcohol or intoxication in her complaint against her attorney filed with the Florida Bar.

9

While the question of whether the attorney was drinking or not may be a <u>genuine</u> issue of fact when this record is construed in the light most favorable to St. Germain, the factual dispute is not <u>material</u> to resolution of St. Germain's claim of ineffective assistance. As the district court observed, the transcript of the Rule 11 hearing does not disclose either that the attorney's performance at the Rule 11 hearing fell below any objective standard of reasonableness or that St. Germain was prejudiced by the conduct of her attorney in any way -- even if her allegations about his drinking are true. Therefore, the district court properly granted summary judgment to the Government on this claim, and we affirm that aspect of the court's order.

St. Germain's "Denial of Right to Appeal" claim is the most problematic issue before us. When this record is construed in the light most favorable to St. Germain, there remains a genuine issue of material fact as to whether she requested that her attorney note an appeal from her conviction and sentence. In her sworn complaint, St. Germain states that her attorney abandoned her and that she had "no chance for appeal." In an unsworn response to the summary judgment motion, she explicitly states that she informed her attorney that she wished to appeal and that he agreed to do so; St. Germain attached to the response a notarized and sworn letter from a witness to that exchange which confirms her account.

Affidavits from the Government are ambiguous on the issue. The first affidavit from defense counsel, which is sworn, is silent as to whether St. Germain requested an appeal. The second affidavit from the attorney, which was submitted in response to the court's request, is signed and notarized but not sworn or declared under penalty of perjury. On whether St. Germain requested him to file a notice of appeal, the attorney responded, "the answer is no." The attorney continues that he explained that an appeal "was not a viable option."

Construing this evidence in the light most favorable to St. Germain, there is a genuine issue of material fact as to whether she requested her attorney to note an appeal, which precludes the district court from granting summary judgment on her ineffective assistance claim in that regard. Therefore, we vacate that portion of the district court's order that granted summary judgment to the Government on St. Germain's claim that she received ineffective assistance of counsel because he

10

failed to note a requested appeal. We remand that claim to the district court for further proceedings. We affirm the district court's order in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED

11