NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FANXING ZENG, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 21-70911 Agency No. A206-217-102 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 18, 2022
Pasadena, California

Before: LEE and BRESS, Circuit Judges, and FITZWATER,** District Judge.
Dissent by Judge BRESS.

Fanxing Zeng, a native and citizen of China seeks review of an order of the

Board of Immigration Appeals (BIA) in which the agency affirmed an immigration

judge's (IJ) dismissal of his applications for relief as abandoned and denied remand

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

based on ineffective assistance of counsel (IAC). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    The BIA did not err in affirming the IJ decision deeming Zeng's application abandoned. "An IJ's decision to deem an asylum application abandoned is reviewed for abuse of discretion." *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021). The governing regulation makes clear that failure to provide biometrics "within the time allowed by the [IJ]'s order, constitutes abandonment of the application and the [IJ] may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause." 8 C.F.R. § 1003.47(c)); *see also* 8 C.F.R. § 1208.10 ("Failure to comply with processing requirements for biometrics . . . within the time allowed will result in dismissal of the application, unless the applicant demonstrates that such failure was the result of good cause.").

Here, at the calendar hearing, the IJ served the required biometrics notice on Zeng and explained its significance and in a later written order stated that Zeng must provide all applications, supporting documents, including proof of fee payment and biometrics registration by a certain date, or risk having the case considered abandoned. Despite these warnings, Zeng failed to observe the deadline, did not request an extension, or file a motion explaining good cause for the failure. The IJ thus did not abuse his discretion by deciding to deem Zeng's application abandoned.

2

*See Gonzalez-Veliz*, 996 F.3d at 949.

2.      The agency did not err in denying the motion to remand based on ineffective assistance of counsel because Zeng failed to comply with any of the procedural requirements for making an IAC claim. "We review the Board's denial of motions to remand for abuse of discretion." *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). The BIA abuses its discretion only when it has acted "arbitrarily, irrationally, or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000). Claims of ineffective assistance of counsel present mixed questions of law and fact. *Doyle v. United States*, 721 F.2d 1195, 1198–99 (9th Cir. 1983). This court uses its own judgment as to whether counsel was effective. *Id.* at 1199; *see also United States v. McConney*, 728 F.2d 1195, 1202–03 (9th Cir.) (en banc) (mixed questions of law and fact generally reviewed de novo).

Here, the BIA properly dismissed Zeng's ineffective assistance of counsel claim based on his failure to comply with the procedural requirements articulated by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637, 638 (B.I.A. 1988), and endorsed by our Court, *see Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004) ("We presume, as a general rule, that the Board does not abuse its discretion when it obligates petitioners to satisfy *Lozada*'s literal requirements.").[1]

---

[1] The requirements are: "(1) an affidavit by the alien setting forth the agreement with counsel regarding the alien's representation; (2) evidence that counsel was informed of the allegations and allowed to respond; and (3) an indication that a complaint has

First, the BIA could rely on its decision in *Matter of Melgar*, 28 I. & N. Dec. 169, 170–71 (B.I.A. 2020), where it clarified that, if the same counsel is representing the petitioner on appeal, the reporting requirement of *Lozada* cannot be satisfied by the counsel merely taking responsibility for the error. Even though *Melgar* was published after Zeng's BIA appeal was filed, *Melgar* relied on *Lozada* and *Matter of Rivera*, 21 I&N Dec. 599, 604 (B.I.A. 1996), which predated the appeal and explained the purpose behind the reporting requirement. So there was no unfair surprise resulting from the BIA's retroactive application of *Melgar*. *See Szonyi v. Barr*, 942 F.3d 874, 893–94 (9th Cir. 2019).

Second, even if the BIA could not have relied on *Melgar*, it was not an abuse of discretion under our pre-*Melgar* cases for the BIA to deny the motion to remand when the petitioner has not complied with *any* of the *Lozada* requirements. While we have recognized that the *Lozada* requirements "need not be rigidly enforced where their purpose is fully served by other means," *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 526 (9th Cir. 2000), and thus we have excused the reporting requirement in some cases, "we have never excused a petitioner's failure to provide an affidavit where, as here, the facts underlying the petitioner's claim were not 'plain on the face of the administrative record.'" *Reyes*, 358 F.3d at 597 (quoting *Rojas–Garcia v.*

_____

been lodged with the bar, or reasons explaining why not." *Reyes*, 358 F.3d at 596 (citation omitted).

4

*Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003)). As we have explained, this requirement serves several purposes: (1) it fosters an atmosphere of solemnity commensurate with the gravity of the claim; (2) it establishes the factual basis for the IAC claim; and (3) it provides a firmer basis on which an IJ will determine the need for a hearing. *Id.* at 598 (citations omitted). When we have excused strict compliance with *Lozada*, the ineffective assistance was either plain from the record, *see, e.g.*, *Castillo-Perez*, 212 F.3d at 526; *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003), or the petitioner and counsel submitted affidavits to support the IAC claim, *see, e.g.*, *Fong Yang Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003), or both, *see Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002).

In this case, we can only review the record, which only shows that Zeng ignored the IJ's instructions by the deadline set by the IJ. But the record does not establish whether this error was attributable to counsel or the Petitioner.[2] Accordingly, Zeng's failure to submit an affidavit supports the agency's denial of

---

[2] The dissent relies on the BIA's determination that the ineffective assistance was plain. While the BIA's decision is part of the record on appeal, it is not part of the administrative record that our review is based on. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record *on which the order of removal is based*." (emphasis added)); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) ("[O]ur review is confined to the administrative record *before* the BIA." (emphasis added)). And because ineffective assistance of counsel presents a mixed question of fact and law, we are entitled to a de novo determination of whether ineffective assistance was plain on the face of the record. *See Doyle*, 721 F.2d at 1198–99; *see also McConney*, 728 F.2d at 1202–03.

the IAC claim. *See Reyes*, 358 F.3d at 598.

Counsel's admission in briefs is not enough to substantially comply with *Lozada*. First, counsel's statements in briefs are not evidence. *See Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003); *see also Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013) (explaining that the affidavit requirements of *Lozada* are "quite specific and can be satisfied only by some sort of document or action that is external to the motion"). They thus do not carry the same weight and potential consequences as sworn affidavits. *See Correa-Rivera*, 706 F.3d at 1133) (explaining that a lawyer "detail[ing] his failing under penalty of perjury" is "taking a big risk" if he is lying and also "has furnished evidence against himself that could be used in a future disciplinary proceeding or a civil suit for malpractice").[3]

Further, the first requirement of *Lozada* requires an affidavit from the *petitioner*, rather than counsel. *See Lozada*, 19 I. & N. at 639. The counsel's statement alone therefore cannot substantially comply with *Lozada*. Especially in the absence of a sworn statement from counsel, the lack of a statement from the

---

[3] The dissent argues it makes no difference whether counsel makes statements in briefs, rather than affidavits, because both are "subject to ethical requirements requiring attorney truthfulness." But the dissent ignores the numerous reasons (as discussed above) that our cases have insisted on affidavits rather than unsworn statements even in substantial compliance cases. Indeed, in the cases cited by the dissent—*Lo*, 341 F.3d at 938; *Correa-Rivera*, 706 F.3d at 1133—the counsel submitted an affidavit or a declaration.

petitioner invites abuse by the lawyer who could reap the benefits of their own malpractice without suffering any consequences—even so much as having to notify the petitioner of the lawyer's mistake to obtain an affidavit and, in the process, allowing them to engage more capable counsel.[4]

Because Zeng failed to substantially comply with the procedural requirements for making an ineffective assistance of counsel claim, the BIA did not abuse its discretion in denying his motion to remand.

3.    The dissent argues that we are applying *Lozada* in an "unbending manner" and notes the "unfairness" of requiring Zeng to bear the consequences of his attorney's misconduct.  But we must be careful of the old adage that "bad facts make bad law." *Emeldi v. Univ. of Or.*, 698 F.3d 715, 718 (9th Cir. 2012).  Zeng presents a sympathetic case but we cannot discard *Lozada* or our other precedents and rules just because their application appears unfair here.  For example, we cannot bend to find "substantial compliance" with *Lozada* when he has not met *any* of its

---

[4] This case illustrates the importance of hearing directly from the petitioner in IAC cases. In a motion filed shortly before oral argument, Zeng revealed that he hired new counsel and reported his prior counsel to the State Bar of California due to his ineffective assistance. In the bar complaint attached to the motion, Zeng claims that his prior counsel failed to notify him of the basis for the BIA's denial of his claim and instead charged him again for all the appeals necessitated by his malpractice. It is unlikely that Zeng's prior counsel would have been able to engage in such abusive conduct if he had to obtain an affidavit from Zeng about the circumstances of the ineffective assistance before filing the BIA appeal.

requirements.

Fortunately for Zeng, he appears to have a path forward, even if the court cannot provide it now with this decision. As discussed during oral argument and reflected in documents submitted in his motion just before oral argument, Zeng appears to have in fact suffered ineffective assistance of counsel and has now met the *Lozada* requirements. At oral argument, government did not appear to genuinely dispute that conclusion. But we cannot rely on this out-of-record evidence not considered by the BIA. *See Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996). Zeng's new counsel, however, has said that he has filed a new motion to reopen at the BIA based on this new record, and this court expects the agency to address the merits of Zeng's claims.[5]

**PETITION DENIED.**

---

[5] Judge Fitzwater does not join this paragraph.

*Zeng v. Garland*, No. 21-70911

Bress, Circuit Judge, dissenting:

I respectfully dissent. I agree that the Immigration Judge (IJ) could conclude that Zeng abandoned his applications for asylum, withholding of removal, and protection under the Convention Against Torture by failing to file materials that the IJ requested. But Zeng only defaulted his claims because of what the Board of Immigration Appeals (BIA) acknowledged was "plain" ineffective assistance on the part of his counsel. The majority concludes that Zeng is not entitled to a remand to the IJ for consideration of his applications on the merits because Zeng did not follow the procedural requirements for asserting a claim of ineffective assistance before the agency. But that is not the best reading of our cases, and it only compounds the prejudice to Zeng of his counsel's already "plain" ineffective assistance.

This case has an important nuance that differs from most claims of ineffective assistance in immigration proceedings: the same lawyer who committed the "plain" malpractice before the IJ continued to represent Zeng both before the BIA and before our Court through the briefing stage. In Zeng's brief on appeal to the BIA (and here), counsel admitted that he had provided ineffective assistance by failing to timely file necessary documents, and he requested that the BIA remand for the IJ to reconsider Zeng's applications for relief. The BIA denied the motion on the ground that Zeng had not complied with the procedural requirements set forth in *Matter of*

1

*Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), and *Matter of Melgar*, 28 I. & N. Dec. 169 (B.I.A. 2020), the latter of which was decided after Zeng filed his appeal to the BIA.

Under *Matter of Lozada*, a petitioner claiming ineffective assistance of counsel before the agency must first (1) submit an affidavit explaining the agreement with counsel, (2) notify counsel of the allegations and allow counsel to respond, and (3) file a complaint with the "appropriate disciplinary authorities," such as the state bar, or explain why such a complaint was not filed. *Matter of Lozada*, 19 I. & N. Dec. at 639. This rule was expanded and clarified in *Matter of Melgar*, which held that *Lozada*'s third requirement applies even when the same attorney continues to represent the petitioner after the alleged ineffective assistance occurred. 28 I. & N. Dec. at 170–71.

It is undisputed that Zeng's counsel before the agency did not self-report his admitted ineffective assistance to disciplinary authorities. But I disagree with the majority that *Matter of Melgar* applies retroactively to Zeng's case. Zeng could not "reasonably have anticipated the change in law" wrought by *Matter of Melgar*. *Szonyi v. Barr*, 942 F.3d 874, 893–94 (9th Cir. 2019) (quotations omitted). Through its requirements, *Matter of Lozada* effectively "assumed that an ineffective assistance of counsel claim will typically be asserted by someone other than the counsel who allegedly provided ineffective assistance." *Rojas-Garcia v. Ashcroft*,

2

339 F.3d 814, 825 (9th Cir. 2003). So it is not clear from *Lozada* alone how its requirements would apply when counsel instead continued his representation.

Zeng also cannot be faulted for failing to anticipate *Melgar*'s self-reporting requirement when we have previously held that the *Lozada* requirements are "not sacrosanct" and "need not be rigidly enforced where their purpose is fully served by other means." *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 525–26 (9th Cir. 2000). Indeed, before the BIA, Zeng's counsel argued at length that he had substantially complied with *Matter of Lozada*, demonstrating his reliance on pre-*Melgar* case law. *See Szonyi*, 942 F.3d at 893–94 (holding that reliance on prior law counsels against retroactivity).

Because *Matter of Melgar* cannot apply here, *Matter of Lozada* governed Zeng's appeal to the BIA. And in my view, the BIA erred in finding that Zeng's compliance with *Matter of Lozada* was insufficient. In reaching the opposite conclusion, the majority first concludes that this case calls for "strict compliance with *Lozada*." But under our cases, full compliance with *Lozada* is unnecessary when "the legitimacy of [the petitioner's] claim is plain on the face of the administrative record." *Rojas-Garcia*, 339 F.3d at 825 (quotations omitted). And we have repeatedly held that counsel's unexplained failure to file necessary documents constitutes "plainly" ineffective assistance. *See, e.g., id.*; *Rodriguez-Lariz v. I.N.S.*, 282 F.3d 1218, 1227 (9th Cir. 2002); *Castillo-Perez*, 212 F.3d at 526.

3

The majority attempts to distinguish this line of cases by claiming that here, "the record does not establish whether this error was attributable to counsel or the Petitioner." But the majority's extensive discussion of what does and does not constitute "the record" ignores the critical part of what assuredly is part of the record: the BIA's own express determination in its written decision that "the ineffective assistance is plain."[1] Contrary to the majority's suggestion, there is simply no evidence that Zeng was responsible for the error. Neither the agency nor the parties advanced that theory (on the contrary, Zeng's counsel repeatedly disclaimed it). And even the majority eventually acknowledges that "Zeng appears to have in fact suffered ineffective assistance of counsel." Because it was "undisputed that [Zeng's] counsel failed timely to file [his] applications," Zeng was "reliev[ed] . . . of the need technically to comply with *Lozada*." *Rodriguez-Lariz*, 282 F.3d at 1227.

Because the majority insists on strict compliance with *Lozada*, it also fails to grapple with our cases holding that a petitioner sufficiently complies with *Lozada* when counsel continues to represent the petitioner and concedes his own ineffective

---

[1] I am not suggesting, as the majority claims, that we owe deference to the agency's legal conclusion as to whether Zeng's counsel performed in a constitutionally deficient manner. Rather, this statement by the BIA necessarily reflects its factual finding that Zeng's counsel was at fault for the failure to file documents. Indeed, no party suggests otherwise. And once this fact is conceded, it is obvious that a failure to file basic documents is deficient performance under our cases. And it is equally obvious that Zeng suffered prejudice as a result: the IJ found he abandoned his claims because of his counsel's "plain" ineffective assistance.

4

assistance. In *Lo v. Ashcroft*, 341 F.3d 934 (9th Cir. 2003), for example, counsel failed to inform the petitioners of the correct time and place for their hearing, and he and the petitioners later explained this in affidavits provided to the BIA. *Id.* at 938. We concluded that "[t]here is no question the petitioners complied with the first and second *Lozada* requirements," and that the affidavits sufficiently advanced the goal of the third requirement as well by protecting against collusion. *Id.* at 938. Similarly, in *Correa-Rivera v. Holder*, 706 F.3d 1128 (9th Cir. 2013), we explained that a declaration from counsel "admitting responsibility and absolving the client of any culpability" could replace a complaint to the state bar, because the declaration "exposes him at the very least to a malpractice claim." *Id.* at 1133. In that circumstance, we could "be confident that the lawyer was telling the truth." *Id.* at 1133.

I fail to see why this case is materially different. Here, too, counsel's continued representation of Zeng suffices to satisfy the first two *Lozada* requirements: it demonstrates that Zeng and his counsel had an agreement, and that counsel had the opportunity to respond to the allegations of ineffective assistance (and did so by admitting them). *See Lo*, 341 F.3d at 938; *Rojas-Garcia*, 339 F.3d at 825 ("Here, there can be no question that the counsel who allegedly provided ineffective assistance of counsel had notice of his actions and an opportunity to

5

respond: The counsel who asserted ineffective assistance of counsel was challenging his own prior actions.").

The majority emphasizes that *Matter of Lozada* calls for "an affidavit from the *petitioner*, rather than counsel." True, but the relevant question for our purposes is whether Zeng "substantially complied" with *Lozada*, not whether he followed the requirements to the letter. *See Rojas-Garcia*, 339 F.3d at 824. And besides, the BIA only referenced an affidavit coming from the petitioner because it believed that "former counsel" would no longer be before the agency and may "fail[] or refus[e] to respond" to the petitioner's allegations, which is not the case here. *Matter of Lozada*, 19 I. & N. Dec. at 639. I find it very difficult to fault Zeng for not filing his own affidavit under the guidance of an attorney who has already admitted his own ineffectiveness. Indeed, there is considerable irony in the majority's determination that Zeng's *Lozada* misstep consisted of his attorney not filing yet another document in the context of a case about his attorney's gross failure to file basic documents.

I would also conclude that Zeng substantially complied with the third *Lozada* requirement through his counsel's admission of error. *See Correa-Rivera*, 706 F.3d at 1133; *Lo*, 341 F.3d at 938. The majority points out that counsel made these statements in briefs, rather than an affidavit. While the minimal case law we have on attorney admissions of error has involved affidavits or declarations, we have never "insisted on" any particular form of statement, as the majority incorrectly

6

asserts. And the reasoning underlying those cases would extend to briefs as well. Both affidavits and briefs are subject to ethical requirements requiring attorney truthfulness. And both "could be used in a future disciplinary proceeding or a civil suit for malpractice." *See Correa-Rivera*, 706 F.3d at 1133. The logic of our holdings in *Lo* and *Correa-Rivera* would thus seem to apply equally to this case.

Although the majority believes that it is protecting against "abuse by the lawyer," in fact its position only punishes petitioners who have already had the misfortune of ineffective representation. According to the majority, Zeng's counsel not only doomed Zeng's applications for relief, but he also cost Zeng the opportunity for reconsideration by continuing to represent Zeng under an apparent conflict of interest—all while allegedly concealing his prior ineffective representation from his own client. It is not clear what the majority would have had Zeng do differently. Our precedents do not support applying *Matter of Lozada* in such an unbending manner. *See Castillo-Perez*, 212 F.3d at 526.[2]

Contrary to the majority's suggestion, the consequences here are not lessened by the fact that Zeng has now filed a motion to reopen. Motions to reopen have their

---

[2] Somewhat remarkably, the majority asserts that "[i]t is unlikely that Zeng's prior counsel would have been able to engage in such abusive conduct if he had to obtain an affidavit from Zeng about the circumstances of the ineffective assistance before filing the BIA appeal." Even if true, this only confirms the unfairness of requiring Zeng to now bear the consequences for his attorney's secondary misconduct in not obtaining an affidavit from Zeng.

own requirements, and there is no guarantee that the BIA will deem those requirements satisfied in any given case. Because I believe Zeng was entitled to prevail on his initial motion to remand based on ineffective assistance of counsel, I would grant his petition for review.